

# NUMBERS 13-14-00370-CR & 13-14-00371-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MARVIN NOEL CABALLERO-LOPEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 221st District Court
## of Montgomery County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Perkes[1]**

Appellant Marvin Noel Caballero-Lopez appeals his conviction for two counts of

aggravated sexual assault of a child, first degree felonies.[2]  *See* TEX. PENAL CODE ANN.

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Ch. 46 2015 R.S.).

[2] Appellate cause no. 13-14-00370-CR is the appeal from trial court cause no. 13-02-01693-CR-CT1. Appellate cause no. 13-14-00371-CR is the appeal from trial court cause no. 13-02-01693-CR-CT2.

§ 22.021(f)(1) (West, Westlaw through Ch. 46 2015 R.S.).   A jury found appellant guilty, and the trial court assessed punishment on each count at forty-five years' imprisonment, to be served concurrently.   By three issues, appellant argues that: (1) the evidence is factually insufficient to support the jury's verdict; (2) the trial court erred when it allowed multiple outcry witnesses; and (3) the trial court erred in allowing the testimony of Josefina Medina.   We affirm.

## I. BACKGROUND

Appellant's six year old daughter E.R.[3] testified to the following:   E.R. stated that when she was five years old she was home with appellant while her mother was at work. As E.R. was watching television, appellant removed his pants and put his penis in E.R.'s mouth, while instructing E.R. to "suck on" his penis.   Appellant then told E.R. to go to the bedroom and lay face down on the bed, where he proceeded to put his penis in E.R.'s anus.   Afterward, appellant took E.R. to the bathroom and wiped her bottom with water. Appellant told E.R. that if she told anyone what happened, he would hit her with a belt. During her testimony, E.R. referred to the penis and anus as a "tail," but was able to identify the parts of the body through the use of diagrams of a nude male and female.

Following a pre-trial hearing, the trial court held that mother and the forensic interviewer, Mayra Domingue, would be allowed to testify as outcry witnesses pursuant

---

Our analysis allows us to consider them in a consolidated opinion.

[3] In order to protect their identities, we refer to complainant by her initials and to complainant's mother as "mother."

to article 38.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 38.072 (West, Westlaw through Ch. 46 2015 R.S.).

Mother testified that she observed E.R. playing outside with a young boy in the neighborhood. Afterward, mother told E.R. "you should not allow yourself to be touched by a boy." E.R. responded by saying "it is my father touching me." E.R. was at first reluctant to elaborate, stating appellant "will spank me." After receiving assurance from mother, E.R. shared that she was laying on appellant's stomach in the living room, when appellant tried to put his penis in her mouth. E.R. did not disclose at this time whether appellant penetrated her mouth with his penis. She then shared that appellant sent her to the bedroom where appellant "put his tail in my tail." E.R. stated that it hurt "just a little bit, because he pushed lightly." Mother testified that E.R. uses the term "tail" to reference the penis and anus. E.R. told her mother that appellant took her to the bathroom and "cleaned my parts with his hand." According to E.R., appellant stated "if you tell your mother, you know I am going to break your teeth with a shovel." Following E.R.'s outcry, mother, who does not speak English, sought the assistance of a friend to contact the police.

Mayra Domingue is a forensic interviewer employed by Children's Safe Harbor. Domingue provided testimony concerning her forensic interview with E.R. E.R. told her that she was watching television with her head on appellant's stomach. Appellant removed his penis from his underwear and told E.R. to scoot down until she was next to his penis. Appellant then told E.R. to put his penis in her mouth, and she did. Next, appellant told her to go to the bedroom where he removed her pants and underwear and

3

laid her on the bed. Appellant then inserted his penis in her anus. Afterward, appellant took E.R. to the bathroom where he used his hand to clean E.R.'s bottom with water. Appellant told E.R. "if you tell mom, I am going to hit you." E.R. stated the incident occurred approximately two months prior to the interview with Domingue.

Dr. Lawrence Thompson, a licensed psychologist with the Harris County Children's Assessment Center, testified regarding manners of disclosure demonstrated by child victims of sexual assault. Thompson explained that child victims do not always report abuse immediately due to shame, guilt, inappropriate feelings of responsibility, and coercion by the perpetrator. Thompson also explained that children do not always fully disclose the abuse during their initial outcry and may only partially disclose what happened due to feelings of shame and guilt.

Rachel Bryant, a sexual assault nurse examiner with Memorial Hermann Hospital, testified concerning her examination of E.R. The date of the exam was approximately two months following the reported sexual assault. Bryant testified that she observed no trauma or injuries during her exam, and that she was unable to collect any DNA evidence. Bryant explained that if more than two weeks have elapsed since the date of an assault, she would not anticipate seeing any injuries due to "rapid healing of the area." Bryant generally attempts to collect DNA up to ninety-six hours after an alleged assault. She explained that studies show DNA "most likely is not there" after ninety-six hours.

Appellant testified that he lived with the mother of E.R. for fifteen years and that they had a good relationship through 2011. He stated his relationship with her worsened after he totaled his car, which made it difficult to get to work and to pick up the children,

4

and that it eventually caused him to lose his job.  Appellant fought with the mother over her brother moving into their house.  During this time, mother asked appellant to leave the house on several occasions, but also threatened to call the police if he left her.  Appellant testified he loved his daughters and would never harm them.  He denied sexually abusing E.R.

In the state's rebuttal, Josefina Medina, who previously lived with appellant and mother, testified that she had witnessed appellant threaten and hit E.R.

The jury found appellant guilty of two counts of aggravated sexual assault of a child.  This appeal followed.

## II.  SUFFICIENCY OF THE EVIDENCE

By his first point, appellant argues "the evidence is factually insufficient to support the jury's verdict."[4]  We disagree.

### A. Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).  The fact-finder is the

---

[4] The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). Therefore, we will determine whether the evidence is legally sufficient to support appellant's convictions. *See id.*

exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). We resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989) (en banc).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

In Count 1 of the indictment, the State alleged appellant committed aggravated sexual assault of a child by penetrating E.R.'s mouth with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021. The hypothetically correct jury charge for that offense required the State to prove that appellant: (1) intentionally or knowingly; (2) caused the penetration of the mouth of E.R by appellant's sexual organ; (3) when E.R. was younger than fourteen.[5] *See id.*

---

[5] E.R. was five years old at the time of the offense. The minimum term of imprisonment is increased to 25 years if the victim of the offense is younger than six years of age at the time the offense is committed. TEX. PENAL CODE ANN. § 22.021(f)(1) (West, Westlaw through Ch. 46 2015 R.S.).

In Count 2 of the indictment, the State alleged appellant committed aggravated sexual assault of a child by penetrating E.R.'s anus with his sexual organ. *See id.* The hypothetically correct jury charge for that offense required the State to prove that appellant: (1) intentionally or knowingly; (2) caused the penetration E.R.'s anus by appellant's sexual organ; (4) when E.R. was younger than fourteen. *See id.*

## B. Analysis

Appellant argues the evidence is insufficient for the following reasons: (1) the lack of DNA evidence; (2) the absence of any injury or trauma as noted by the SANE nurse; (3) E.R.'s demeanor during the nurse's examination (alert, smiling, and cooperative); and (4) the inconsistent statements of witnesses regarding E.R.'s allegations.

The State produced evidence in the form of E.R.'s testimony and the testimony of two outcry witnesses establishing the elements of the charged offenses. The testimony of a child sexual abuse victim alone is sufficient to support a conviction for aggravated sexual assault. *Soto v. State*, 267 S.W.3d 327, 322 (Tex. App.—Corpus Christi 2008, no pet.). E.R.'s testimony and outcry established that appellant inserted his penis in both her mouth and her anus when she was five years old. E.R. referred to the penis and anus as a "tail." However, she was able to correctly identify the parts of the body by using a diagram of a naked female and a naked male. The courts will give wide latitude to testimony given by child victims of sexual abuse. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc). The victim's description of what happened need not be precise, and the child is not expected to communicate with the same level of sophistication as an adult. *Soto*, 267 S.W.3d at 322.

7

With respect to the absence of DNA evidence or injuries to E.R., the record reflects that E.R.'s initial outcry occurred approximately two months following the alleged sexual assault. The SANE nurse, Rachel Bryant, testified that she does not attempt to collect DNA evidence outside of ninety-six hours from the reported assault. Bryant explained that the passage of time greatly diminishes the likelihood of recovering evidence because of intervening events such as bathing and going to the bathroom. Bryant also explained that if more than two weeks have elapsed since the date of an assault, she would not anticipate seeing any injuries because of the "rapid healing of the area." Furthermore, in determining the sufficiency of evidence supporting a conviction, there is no requirement that the victim's testimony be corroborated by medical or physical evidence. *Id.* at 332; *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App.—Corpus Christi 2006, no pet.).

Appellant also cites inconsistencies between E.R.'s initial outcry to mother and her later outcry to Domingue and testimony at trial. The inconsistencies primarily concerned whether appellant inserted his penis in E.R.'s mouth or just pressed his penis against her lips, as alleged in E.R.'s initial outcry to mother. The State's expert witness, Dr. Thompson, testified that children often will delay disclosure of sexual abuse, and even then they may only partially disclose what occurred in the initial outcry. The jury could have reasonably reconciled the conflicting outcry statements by attributing the inconsistencies to E.R.'s reluctance to fully disclose what had happened. *See Wyatt*, 23 S.W.3d at 30. Further, it was within the province of the jury to determine whether E.R.'s demeanor during the nurse examination was consistent with a child victim of sexual assault. *See Brooks*, 323 S.W.3d at 899; *Lancon*, 253 S.W.3d at 707.

8

Viewing the evidence in the light most favorable to the prosecution, we conclude the evidence is sufficient to support the jury's verdict. *See Johnson*, 364 S.W.3d at 293–94. We overrule appellant's first issue.

### III. OUTCRY WITNESSES

By his second issue, appellant argues "[t]he Court erred when it allowed multiple outcry witnesses so as to accumulate and compound the statements of witnesses." We disagree.

### A. Standard of Review and Applicable Law

Texas Code of Criminal Procedure article 38.072 provides an "outcry" exception to the general rule that hearsay statements are inadmissible. TEX. CODE CRIM. PROC. ANN. art. 38.072. The outcry provision seeks both the fair prosecution of child abuse cases and the protection of children in the courtroom, but is "carefully limited" to ensure the reliability of the testimony. *See Martinez v. State*, 178 S.W.3d 806, 811 (Tex. Crim. App. 2005). The statute applies only to statements made (1) by the child against whom the offense was allegedly committed, and (2) to the first person, eighteen years of age or older, to whom the child made a statement about the offense. TEX. CODE CRIM. PROC. ANN. art. 38.072 § 2(a). The outcry witness is the first adult to whom the child relates the how, when, and where of the assault. *Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd). The statement must describe the alleged offense in some discernible way and amount to "more than words which give a general allusion that something in the area of child abuse was going on." *Garcia v. State*, 792 S.W.2d 88, 91

9

(Tex. Crim. App. 1990). We review the trial court's admission of an outcry witness's testimony under an abuse of discretion standard. *Id.* at 92.

**B. Analysis**

During a pre-trial hearing, the trial court heard evidence concerning the admissibility of E.R.'s outcry statements to three witnesses. Appellant argued that only the mother, to whom the initial outcry was made, should be permitted to testify. The trial court held that both mother and Domingue would be allowed to testify—mother, as the initial outcry witness, and Domingue, who received "new information" not shared with mother. The trial court held that a third witness would not be permitted to testify as an outcry witness.

The outcry exception is only available for one witness "unless the child revealed discrete occurrences of the same offense, or revealed different offenses, to separate adults." *Reynolds v. State*, 227 S.W.3d 355, 369 (Tex. App.—Texarkana 2007, no pet.). For instance, "[i]f the child victim first described one type of abuse to one outcry witness, and first described a different type of abuse to a second outcry witness, the second witness could testify about the different instance of abuse." *Tear v. State*, 74 S.W.3d 555, 559 (Tex. App.—Dallas 2002, pet ref'd).

Appellant was being tried for two separate counts of aggravated sexual assault of a child. The record reflects that E.R. described different offenses to separate adults— the penetration of E.R.'s anus, first described to mother, and the penetration of E.R.'s mouth by appellant's penis, first described to Domingue. Therefore, allowing both witnesses to testify was not an abuse of discretion. *See Tear,* 74 S.W.3d at 559; *see*

10

*also Pierce v. State*, No. 10–09–00320–CR, 2010 WL 2683052, at *1–2 (Tex. App.—Waco July 7, 2010, no pet.) (mem. op., not designated for publication) (holding trial court did not abuse its discretion by permitting forensic interviewer's outcry testimony that appellant inserted his tongue into victim's vagina when another witness testified that appellant touched victim's vagina did not describe charged offense—appellant penetrating victim's sex organ with his tongue—in any discernible way); *Sledge v. State*, No. 03–03–00092–CR, 2004 WL 438958, at *1–3 (Tex. App.—Austin Mar.11, 2004, no pet.) (mem. op., not designated for publication) (holding that when both allegations arose out of the same act, allowing testimony of both outcry witnesses was not abuse of discretion when one witness's testimony went to indecency with a child allegation and the other witness's testimony went to penetration element of aggravated sexual assault allegation); *Turner v. State*, 924 S.W.2d 180, 183 (Tex. App.—Eastland 1996, pet. ref'd) (holding that officer was the appropriate outcry witness because, even though victim told counselor that appellant penetrated her vagina with his finger, she told officer, not counselor, that appellant penetrated her with his penis, as alleged in the indictment).

We overrule appellant's second issue.

## IV. ADMISSIBILITY OF MEDINA'S TESTIMONY

By his third issue, appellant argues "[t]he Court erred in allowing the testimony of Josefina Medina, the value of which was more prejudicial than probative and unfairly allowed the jury to weigh extraneous acts of [appellant]." Appellant asserts "[Medina] was allowed to testify about prior alleged acts of aggression (extraneous acts) by [appellant], including another alleged incident whereby [Medina] claims that appellant

11

struck the child, [E.R.], in her presence as to give credibility to his ability to make threats against the child." Appellant maintains that the trial court's ruling was in violation of Texas Rules of Evidence 403 and 404(b). *See* TEX. R. EVID. 403, 404(b).[6] Appellant failed to preserve this issue for review.

A complaint is not preserved for review on appeal unless it was made to the trial court by a timely request, objection or motion that states the grounds for the ruling that the complaining party sought from the trial court. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (citing TEX. R. APP. P. 33.1(a)(1)(A)). A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see also Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

During rebuttal, the State called Josefina Medina. Appellant anticipated that her testimony would be strictly hearsay and solely objected on those grounds. The State explained to the trial court that it intended to offer Medina's rebuttal testimony to establish

---

[6] Texas Rules of Evidence 403 states "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

Texas Rules of Evidence 404(b), entitled "Crimes, Wrongs, or Other Acts", states: "(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. (2) *Permitted Uses; Notice in Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence--other than that arising in the same transaction—in its case-in-chief." TEX. R. EVID. 404(b).

appellant's aggression toward E.R.[7]  The trial court concluded that Medina could testify concerning appellant's aggression toward E.R. to rebut appellant's statement that he would never abuse his daughter.  Appellant offered no further objection in that regard. Medina then testified that she witnessed appellant both threaten and hit E.R.  During her testimony appellant's counsel again objected on the basis of hearsay.

Appellant's Rule 403 and 404 complaints regarding appellant's aggression against E.R. do not comport with the objections that he made at trial.  Appellant raised only a hearsay objection to that challenged testimony.  An objection stating one legal theory may not be used to support a different legal theory on appeal.  *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  Appellant failed to preserve this point of error.  We overrule appellant's third issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of September, 2015.

---

[7] The State also intended to offer Medina's testimony to establish appellant's previous use of a machete while threatening mother. With respect to this testimony, appellant's counsel stated "we would also object on 404 grounds and 403 grounds." The trial court sustained appellant's objection regarding the threats against mother.